## YOUNAN v. YOUNAN.

No. 59-3500-E.

Circuit Court, Duval County.

April 28, 1960.

Joseph C. Black, Jacksonville, for plaintiff.

Robert O. Bell, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

By her complaint herein filed October 22, 1959, plaintiff alleged a cause of action for divorce on grounds of wilful, obstinate, and continuous desertion for a period of more than one year and on the grounds of adultery and prayed for an absolute divorce, alimony, support for a minor child, attorney's fees, court costs and settlement of the property rights. Defendant filed a denial of the material allegations but at the trial of the cause before the court offered no testimony inconsistent with plaintiff's case. It is sufficient to say the plaintiff's proof was clear, convincing and overwhelming, and that plaintiff is entitled to the relief prayed for on both grounds. It is important to note that defendant deserted plaintiff for her younger sister and defendant is the father of a living child born to said sister since the desertion.

Upon the conclusion of all the testimony, the court announced that it would find the equities with the plaintiff and further indicated its intention to award to plaintiff *all* the real and personal property of the parties as and for a lump sum award of alimony, since defendant and his mistress now live in Miami, defendant's earnings of from $50 to $60 per week are no more than enough to provide for the needs of the minor child of the parties hereto, and plaintiff has become a licensed masseuse and is self-supporting or could become so when vested with title to all the jointly owned property of the parties.

Thereupon, plaintiff expressed her dissatisfaction with the denial of permanent alimony by the lump sum award and through her counsel now seeks to amend her prayer and obtain a decree of separate maintenance under provisions of chapter 65.09, Florida Statutes 1957. After the submission to the court of authorities in support of plaintiff's motion to amend, which this court indicated to counsel were not sufficient to persuade this court that the motion should be granted, plaintiff then filed on March 14, 1960, a motion to voluntarily dismiss the entire proceedings herein. Both motions raise the question of whether or not a plaintiff, who has invoked the power and jurisdiction of a court of equity, may, upon learning that the chancellor's view of the equity of the cause and the appropriate relief will not enable her to obtain permanent alimony, abandon her prayer for a divorce or dismiss her cause so as to preserve to herself the marital relationship for the purpose of retaining the obligation of defendant to continue to support her.

Counsel for plaintiff contends that the plaintiff-wife has an unqualified right to abandon her suit for divorce at any time and that it is against public policy to require her to proceed or

to be bound by a decree dissolving her marriage against her will. Certainly, in many circumstances this contention would be well-founded, but not so here. In this case, it can hardly be contended that plaintiff is being forced to have her marriage dissolved *against her will.* Up until the very moment the chancellor announced his views of the appropriate relief under the uncontroverted facts in this case, plaintiff had manifested a steadfast intention to divorce her unfaithful husband. If the court had adopted plaintiff's theory of equity, she would still want a divorce. In effect, plaintiff is attempting to take a voluntary non-suit after the verdict has become known.

In actions at law, our statute (F.S. 54.09) provides that no plaintiff shall take a non-suit unless he does so before the jury "retire from the bar". In construing this statute, the Supreme Court of Florida has stated that that statute is, in effect, a re-enactment of the English statute of 2 Henry IV c. 7, providing that after verdict a plaintiff shall not be non-suited. See J. Schnarr & Co. v. Virginia-Carolina Chemical Corp., 159 So. 39, where the court also made reference at page 41 to Southern Cotton Oil Co. v. Shore (N. C.), 87 S.E. 938, holding that after the statute of 2 Henry IV c. 7, a plaintiff was not allowed to take a non-suit after the verdict is made known. In the absence of special circumstances, equity follows the law and here there are no circumstances which justify a departure from the rule of law on non-suits.

Furthermore, a court of equity is a court of conscience and he who seeks equity must do equity. As reprehensible as defendant's conduct may be, plaintiff's efforts should not be allowed to circumvent the judgment of this court in order to achieve a dissolution of her marriage *on her own terms.* When she invoked the jurisdiction of this court, she became obligated by law to accept such relief as the court determined to be in keeping with equity and law.

Finally, the state is a third party to every contract of marriage and has an interest in every suit for divorce. The state is also concerned with the protection of the children within its borders and the promotion and preservation of sound stable marriages. Nothing can now change the tragic events that brought an innocent child of defendant and plaintiff's sister into this world. The public policy and criminal laws of this state have been violated, but punishment for such is not a function of this court in this proceeding. As a court of conscience, this court takes the view that the ends of justice and the best interests of the state of Florida will be promoted by the dissolution of the bonds of matrimony

between plaintiff and defendant. In so doing, this court is divesting the defendant of all the real and personal property jointly owned by the parties and every known asset of defendant, except his future earning capacity. If this award in lieu of permanent alimony is an abuse of discretion, such ruling can be reviewed on appeal, but no consideration of the facts of this case can justify the continuation of this marriage relationship.

Accordingly, it is ordered, adjudged and decreed —

That said motion to amend be, and the same is hereby, denied.

That said motion to dismiss be, and the same is hereby, denied.

That counsel for plaintiff shall forthwith file herein the legal description of all real property, mentioned in the testimony herein, owned by defendant in his own right, or jointly with plaintiff or any other person, together with the street address thereof, the name or names in which such real estate is held, the balance due on any lien or encumbrance thereon, and the estimated market value thereof; in addition, said counsel shall forthwith file a statement of any and all personal property, tangible or intangible, in her possession and control in which defendant has any interest.